IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANESHA E. RANDOLPH,

    Petitioner,                  No. 03-CV-5232 ALA

    vs.

GLORIA A. HENRY, Warden,

    Respondent.             ORDER
_____/

      Petitioner Tanesha E. Randolph is a California state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.  On May 19, 2003, the Court issued an order, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, directing respondent to file either an answer to Mr. Randolph's petition or a motion to dismiss the petition. (Doc. 8.)  Respondent filed an answer on August 15, 2003.  (Doc. 12.)  As explained below, the Court believes Ms. Randolph's petition must be dismissed because it fails to allege a violation of the Constitution or federal law. The Court will therefore direct Ms. Randolph to show cause why

-1-

1  that conclusion is not correct.

2  Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a
3  habeas petition before the respondent files an answer "[i]f it plainly appears from the petition
4  and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,
5  Rules Governing Section 2254 Cases. If the district court does not dismiss the petition, "the
6  judge must order the respondent to file an answer, motion, or other response within a fixed time,
7  or to take any other action the judge may order." *Id.* The Supreme Court has held that a district
8  court may, on its own initiative, dismiss a habeas petition as untimely even after the respondent
9  has filed an answer, provided that the petitioner is given notice and an opportunity to be heard.
10 *Day v. McDonough*, 547 U.S. 198, (2006) (abrogating *Nardi v. Stewart*, 354 F.3d 1134, 1141-42
11 (9th Cir. 2004)) (upholding court's sua sponte dismissal, after issuing an order to show cause, for
12 failure to file within AEDPA statute of limitations).

13  Here, as in *Day*, there is a fatal defect in the habeas petition. That fatal defect is Ms.
14 Randolph's failure to allege any violation of the Constitution or of federal law. "A state
15 prisoner is entitled to habeas relief under 28 U.S.C. § 2254 only if he is held in custody in
16 violation of the Constitution, laws, or treaties *of the United States*." *Gutierrez v. Griggs*, 695
17 F.2d 1195, 1197 (9th Cir. 1983) (emphasis added). "Insofar as [a habeas petitioner] simply
18 challenges the correctness of . . . state evidentiary rulings and . . . jury instructions, he has
19 alleged no deprivation of federal rights. When a state prisoner has failed to allege a deprivation
20 of a federal right, 2254 does not apply . . ." *Id. See also Bonin v. Calderon*, 77 F.3d 1155, 1161
21 (9th Cir. 1996) ("Federal habeas corpus relief does not lie for errors of state law, unless the error
22 amounts to a deprivation of the petitioner's constitutional rights.") Because Ms. Randolph's
23 petition asserts only state law violations, § 2254 is inapplicable to it and this Court lacks
24 jurisdiction to consider its claims. *See Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993)

("Federal courts have jurisdiction to 'entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.").[1]

Before dismissing Ms. Randolph's petition for lack of subject matter jurisdiction, the Court must "accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 1684.  Consequently, Ms. Randolph IS HEREBY ORDERED TO SHOW CAUSE, on or before September 12, 2007, why her habeas corpus petition should not be dismissed for failure to allege that she is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

DATED: August 21, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation

---

[1] Under *Day*, this Court has the authority to raise the lack of alleged federal or constitutional violations *sua sponte* and dismiss Mr. Day's petition based on that defect, even though respondent has filed an answer. Indeed, *sua sponte* dismissal is even more appropriate in this case than in *Day* because this case involves a jurisdictional limitation that the court is obligated to consider on its own initiative.