IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANESHA RANDOLPH,

    Petitioner,               No. CIV-F-03-05232 ALA HC

    vs.

GLORIA HENRY,

    Respondent.          ORDER
_____/

      Pending before the Court are Tanesha Randolph's ("Petitioner") *pro se* application for writ of habeas corpus (doc. 1), brought pursuant to 28 U.S.C. § 2254, and Respondent's Answer (doc. 12). For the reasons stated below, Petitioner's application is dismissed without prejudice.

      On August 21, 2007, the Court ordered Petitioner to show cause as to why her application should not be denied for the grounds raised in Respondent's Answer (failure to allege a violation of the Constitution or federal law). The order was served on Petitioner's last-known address. The order was returned as undeliverable. As a result, on November 19, 2007, the Court ordered Petitioner to show cause as to why this action should not be dismissed for failure to provide the Court with her current address.

      Over sixty days have passed since the November 19, 2007 order, and Petitioner has failed to notify the Court of her new address. Accordingly, the Court may dismiss this action for

1

failure to prosecute. *See* E.D. Cal. L.R. 83-183 (b) ("A party, appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.").

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (citation omitted) (upholding a district court's dismissal of a *pro se* civil rights complaint pursuant to Local Rule 41(b)(2) of the Western District of Washington).[1]

Both the public's interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissing this petition, which was filed nearly five years ago. The third factor weighs in favor of neither party, and the fourth factor weighs slightly in favor of Petitioner. However, the fifth factor weighs in favor of dismissal, as this dismissal is without prejudice, and comes on the heels of two attempts by the Court to solicit a response from Petitioner. Therefore, the balance of factors favors dismissal.

**IT IS HEREBY ORDERED** that Petitioner's application for habeas corpus relief under § 2254 (doc. 1) is dismissed without prejudice.

DATED: February 4, 2008                 /s/ Arthur Alarcón
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation

---

[1] The local rule at issue in *Carey* provided that "[a] party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute." 856 F.2d at 1441.